UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BROOKLYNNE FROMAN, )
)
      Petitioner, )
)
      v. ) No. 1:19-cv-02090-JRS-DML
)
WARDEN, )
)
      Respondent. )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Brooklynne Froman for a writ of habeas corpus challenges a prison disciplinary proceeding identified as IWP 19-01-0070. For the reasons explained in this Entry, Ms. Froman's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On January 9, 2019, Investigator Bonnie Russell wrote a conduct report, case number IWP 19-01-0070, charging Ms. Froman with violating offense B-216, sexual conduct. Dkt. 9-1. Russell received information that Ms. Froman and Offender Estrada had been "sneaking into the kitchen area" when they were supposed to be attending Catholic Mass in a visitation room. *Id.* Russell reviewed video and observed Froman and Estrada "engaging in a kiss," and one minute later, exiting the kitchen area. *Id.*; dkt. 9-2.

On January 10, 2019, the screening officer notified Ms. Froman of the charge of sexual conduct and served her with copies of the conduct report and the notice of disciplinary hearing "screening report." Dkt. 9-3. Ms. Froman pleaded guilty, did not request a lay advocate, did not request witnesses, and did not request any evidence. *Id.*. She also waived 24-hour notice of the hearing. *Id.*

The disciplinary hearing officer then conducted the disciplinary hearing in case IWP 19-01-0070 on the same day, January 10. Dkt. 9-4. Ms. Froman again pleaded guilty. The hearing officer found her guilty of offense B-216, sexual conduct, based on the guilty plea. *Id.* The sanctions imposed were 30 days in disciplinary restrictive housing, a 30-day loss of good time credit, and a one-step demotion in credit class. *Id.* The Warden later increased the sanctions to include 90 days in disciplinary restrictive housing and a 90-day loss of good-time credit as shown by the initialed sanctions on the disciplinary hearing report. *Id.* The Warden did not modify the one-step demotion in credit class. *Id.*; dkt. 9-9 at 9.

Ms. Froman's appeals were denied. Dkts. 9-7, 9-8. This habeas action followed.

After Ms. Froman filed her habeas petition, the final reviewing authority issued a letter on August 9, 2019, reducing the sanctions to those imposed at the disciplinary hearing: 30 days in

disciplinary restrictive housing, a 30-day loss of good time credit, and a one-step demotion in credit class. Dkt. 9-10.

### C. Analysis

Ms. Froman's only claim is that the sanctions were improperly increased after the hearing was concluded. She contends that this violated Indiana Department of Correction (IDOC) policy. She does not allege any other violations of her due process rights under *Wolff*. She asks that the conduct report be expunged from her record.

As noted, after this action was filed, the final reviewing authority reduced the sanctions to those originally imposed by the hearing officer. Therefore, some of the relief sought by Ms. Froman in this action has already been provided, and to that extent her petition for habeas relief is now moot.

Moreover, the only claim asserted by Ms. Froman is an alleged violation of IDOC policy. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution," *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015), not based on prison policy. The claim based on IDOC policy is not a cognizable habeas claim. Therefore, Ms. Froman is not entitled to have the guilty finding expunged from her record.

### D. Conclusion

For the above reasons, Ms. Froman is not entitled to the relief she seeks. Her petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/9/2020

*James R. Sweeney*
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BROOKLYNNE FROMAN
263869
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov